145 So.2d 816

Guy SPARKS, as Commissioner of Revenue,

v.

**WEST POINT MANUFACTURING COMPANY.**

3 Div. 972.

Supreme Court of Alabama.

Oct. 18, 1962.

103

MacDonald Gallion, Atty. Gen., and Herbert I. Burson, Jr., Asst. Atty. Gen., for appellant.

Rushton, Stakely & Johnston, Montgomery, Moore, Thomas, Taliaferro, Forman & Burr, Birmingham, and Morgan S. Cantey, West Point, Ga., for appellee.

LAWSON, Justice.

The question in this case is whether a domestic corporation, in computing its net income for state income tax purposes, is authorized by the provisions of § 402(6), Title 51, Code 1940, to deduct dividends received from a foreign subsidiary corporation of which it owns as much as fifty per cent of the capital stock, which subsidiary did no business in Alabama nor paid any income tax to the State of Alabama.

The trial court answered the question in the affirmative in accordance with the contention of the taxpayer, West Point Manufacturing Company, and the Commissioner of Revenue of the State of Alabama has appealed.

The question was here on appeal from a decree overruling a demurrer, but we declined to answer it on the ground that there were considerations, such as the construction which had been placed on § 402(6), Title 51, by the Department of Revenue which should be taken into consideration before a construction was placed on that section. See Grant v. West Point Manufacturing Co., 272 Ala. 280, 130 So.2d 336.

The trial which followed our affirmance of the decree overruling the demurrer has shed no light on the question for determination. The answer to the question depends upon the construction to be placed upon § 402(6), Title 51, which reads:

"In computing the net income of domestic corporations 'doing business in this state subject to the tax imposed by section 398 of this title, there shall be allowed as deductions: * * * (6)

The amounts received as dividends from a corporation, or any subsidiary corporation of which the parent corporation owns as much as fifty percent of the capital stock, *which is taxable under this title upon the net income* of the parent corporation or the subsidiary." (Emphasis supplied.)

The quoted subsection was not artfully drawn. It contains careless language and grammatical errors. But in the interpretation of statutes, courts are not bound by grammatical rules and may ascertain the meaning of words by the context. Cavender v. Hewitt et al., 145 Tenn. 471, 239 S.W. 767, 22 A.L.R. 755; Southern Pacific Co. et al. v. Riverside County, 35 Cal.App. 2d 380, 95 P.2d 688. See Ex parte State ex rel. Lawson, 241 Ala. 304, 2 So.2d 765.

Despite the imperfections in the subsection, we think it clear from the language used that its general purpose is to prevent double taxation.

We construe the statute as follows:

A domestic corporation, in computing its net income for state income tax purposes, is permitted to deduct the amounts received as dividends from another corporation "which is taxable under this title" upon its net income. If the dividend-paying corporation pays income tax on its income to the State of Alabama, then a domestic corporation which owns stock in that corporation may deduct amounts received as dividends on the stock so owned. It matters not whether the dividend-paying corporation is domestic or foreign if it pays income tax to the State of Alabama on its earnings. A foreign corporation which carries on its business in this state can be subject to the state income tax laws.

Where a domestic corporation owns stock in a subsidiary corporation, that is, a corporation of which another corporation owns as much as fifty per cent of its capital stock, the said domestic corporation may deduct the dividends it receives from the

subsidiary corporation, provided either the subsidiary corporation or its parent corporation pays state income taxes on the income of the subsidiary corporation.

 In the instant case, the taxpayer, West Point Manufacturing Company, is the parent corporation, owning more than fifty per cent of the capital stock of its foreign subsidiary. Neither the parent corporation, the taxpayer, nor the subsidiary corporation has paid income taxes to the State of Alabama on the income of the subsidiary. Hence, the taxpayer is not entitled to deduct the dividends which it received from its subsidiary.

There is nothing in the legislative history of § 402(6), Title 51, which justifies a contrary holding. The provisions of that subsection are in substantially the same language as used in § 26(6) of the 1933 income tax act (Act 169, approved April 17, 1933, General and Local Acts of Alabama, 1933 Extra Session, pp. 150, 170), which act became effective when Amendment XXV to the Constitution of Alabama was proclaimed ratified on August 2, 1933. Section 26(6), supra, is in all respects original. It is in no wise amendatory of any preceding legislation, as held by the trial court. The 1932 income tax act (Act 117, approved October 22, 1932, General Acts of Alabama, Extra Session 1932, p. 127), referred to in the decree of the trial court, never became effective because the proposed amendment to the Constitution seeking to authorize the tax therein levied was not ratified by the electorate of this state.

The trial court seems to have entertained the view that the use of the word "any" before the words "subsidiary corporation" shows that the legislature intended for the dividends received by all domestic corporations from all subsidiary corporations to be deductible. But this conclusion can only be reached by disregarding the qualifying language of the subsection which we have italicized above. Every clause of the subsection must be given effect in the light of the subject matter and the context.

Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34; Ex parte Miles, 248 Ala. 386, 27 So.2d 777.

The decree of the trial court is reversed and the cause is remanded for the entry of a decree in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.