HOLMES, Judge
(dissenting).
I respectfully dissent from the well-stated opinion authored by my distinguished colleague.
It is true that § 25-5-ll(e) provides for “attorney’s fees”; whereas, § 25 — 5—11(d) provides for “costs, attorney’s fees and reasonable expenses.” I am of the opinion, however, that such a wording in the statute does not compel us to treat employees and employers differently regarding the recovery of the expenses of litigation in cases such as the instant case.
*449 Instead, I would note the applicability to this situation of the rule of statutory construction which states that we must consider the entire statute and not an isolated part, giving effect to every clause in light of the subject matter and purpose of the enactment. Sparks v. West Point Manufacturing Co., 274 Ala. 102, 145 So.2d 816 (1962).
The courts of this state have long held it well settled that the Workmen’s Compensation Act “should be liberally construed in furtherance of the humanitarian purposes leading to its enactment.” City of Foley v. Terry, 278 Ala. 30, 175 So.2d 461 (1965). More recently, we have stated the following:
“[I]n reviewing the issues on appeal, an appellate court must keep in mind the principle that the Workmen’s Compensation Act should be given a liberal construction to accomplish its beneficent purposes, and all reasonable doubts must be resolved in favor of the employee. American Tennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala.1979).”
Ala-Miss Enterprises, Inc. v. Beasley, 446 So.2d 644, 645 (Ala.Civ.App.1984).
We have also held that “[a]ll reasonable doubts regarding a provision of the Workmen’s Compensation Act should be resolved in favor of the employee.” Hilyard Drilling Co. v. Janes, 462 So.2d 942, 943 (Ala.Civ.App.1985).
We have held that § 25-5-11 was enacted to ease the burden of expense to an employee in bringing a third-party action. Fitch v. Insurance Company of North America, 408 So.2d 1017 (Ala.Civ.App.1981). To read § 25-5-11 in its entirety so as to treat employees and employers differently with respect to the recovery of litigation expenses in third-party actions seems to me to thwart not only the overall beneficent purpose of the Workmen’s Compensation Act but also the specific purpose of § 25-5-11 to ease the burden of expense to an employee in bringing a third-party action.
In short, I agree with the reasoning of the trial court in concluding that it would be
“inconsistent to the overall purpose of the Workmen’s Compensation Act to construe the subject statute as allowing the employer, or its compensation insurance carrier, in the event it brings a third-party action, to retain reasonable expenses of the litigation and offset the same against the employee’s compensation, and yet, on the other hand, when the employee brings the third-party action, not to allow the employee to retain those reasonable expenses.” (Emphasis in original.)
Therefore, in view of the rule of statutory construction as noted, when considered together with the trial court’s rationale based on the purpose of the Act as stated, I would affirm the trial court’s conclusion that INA was responsible for a pro rata share of the employee’s expenses.