The State of Alabama, through its Department of Revenue (the "Department"), appeals from a summary judgment entered in favor of taxpayers Collins Pettaway, Jr., and Synethia E. Pettaway ("Pettaways"). This appeal involves the interpretation of § 40-2A-7(c)(2)a., Ala. Code 1975. We reverse and remand.
The Department denied the Pettaways' petition for a refund of income taxes paid through employee withholding for the tax years 1995 and 1996. The Pettaways appealed that denial, on March 24, 2000, to the Circuit Court of Dallas County, pursuant to § 40-2A-7(c)(5)b., Ala. Code 1975. The Department answered and filed a motion for summary judgment, with supporting documentation. The Pettaways filed an opposition to the Department's summary-judgment motion; the court treated that opposition as a cross-motion for summary judgment. After conducting a hearing, the trial court entered a judgment for the Pettaways, on September 6, 2000.
The Pettaways jointly filed their Alabama income-tax return for the 1995 tax year on October 8, 1998. The original due date for that return was April 15, 1996. Along with their return, the Pettaways petitioned for a refund. The Department mailed the Pettaways a letter on November 25, 1998, explaining that the refund was being denied, pursuant to § 40-2A-7(c)(2)a.
On August 16, 1999, the Pettaways jointly filed their Alabama income tax return for 1996; again, they petitioned for a refund. The 1996 tax return was originally due on April 15, 1997. The Department also denied this refund request, pursuant to § 40-2A-7(c)(2)a., and it mailed the Pettaways a letter explaining the denial on October 1, 1999.
The trial court conducted a hearing on July 18, 2000. It held on September 6, 2000, that the Pettaways were entitled to "$2,010.00 for the 1995 tax year and $6,100.00 for the 1996 tax year, plus all applicable interest due from the time of filing." The Department appealed.
The Department argues that the trial court erred in its application of § 40-2A-7(c)(2)a., Ala. Code 1975. The Department contends that the Pettaways were not entitled to a refund for either tax year, *Page 1155 
1995 or 1996, because, it argues, § 40-2A-7(c)(2)a., bars an income-tax refund request when the original income-tax return is filed more than two years after the original due date, if the tax has been paid through income withholding. We agree.
The construction of a statute is a legal question, and we review the trial court's interpretation of a statute with no presumption of correctness. Ex parte Sonat, Inc., 752 So.2d 1211, 1216 (Ala. 1999) (citing Sizemore v. Franco Distrib. Co., 594 So.2d 143, 147
(Ala.Civ.App. 1991) (rejecting a presumption of correctness in tax-refund action brought as original proceeding in circuit court)). The cardinal rule in statutory construction is to determine and give effect to the intent of the legislature as manifested in the language of the statute.State v. Amerada Hess Corp., 788 So.2d 179 (Ala.Civ.App. 2000) (citing McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299
(Ala. 1991)). "Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret the language to mean exactly what it says." Ex parte State Dep't ofRevenue, 683 So.2d 980, 983 (Ala. 1996) (citing IMED Corp. v. SystemsEng'g Assocs. Corp., 602 So.2d 344 (Ala. 1992)). "If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." IMED Corp. at 346; see also Johnson v. Price, 743 So.2d 436
(Ala. 1999). In addition, the United States Supreme Court has held that a statute of limitations in the federal tax law must be strictly construed in favor of the Government. Badaracco v. Commissioner, 464 U.S. 386, 398
(1984).
We have found no Alabama cases interpreting § 40-2A-7(c)(2)a., which was amended in 1995. That provision reads:
 "a. Generally. — A petition for refund shall be filed with the department or an automatic refund issued pursuant to Section 40-29-71, or a credit allowed, within (i) three years from the date that the return was filed, or (ii) two years from the date of payment of the tax, whichever is later, or, if no return was timely filed, two years from the date of payment of the tax. For purposes of this paragraph, taxes paid through withholding or by estimated payment shall be deemed paid on the original due date of the return."[1]
When the Legislature amended the statute in 1995, it employed language similar to that used in a similar federal statute, 26 U.S.C. § 6511(a), but clarified the language relating to the question of whether the original return was timely filed. Before the 1995 amendment, § 40-2A-7(c)(2)a. had provided: "A petition for refund must be filed with the department or an automatic refund pursuant to Section 40-29-71, or credit allowed within (i) three years from the date the return was filed, or (ii) two years from the date of payment of the tax, whichever is later."
Under that earlier version of the statute, if the petition for refund was made in conjunction with, or on the same documents as, the original return, then no limitations period applied. As drafted, the former statute allowed the delinquent filer the same benefit as the timely filer, with regard to a tax refund. We conclude that the amended statute, that was in effect when the Pettaways filed their 1995 and *Page 1156 
1996 tax returns, clarified the three-year limitations period. The amended statute permitted the three-year-limitations period to run from the date of the filed return only in a case in which the original return was timely filed. Because the Pettaways requested a refund of taxes that had been paid entirely through withholding, they had two years from the date the taxes were "deemed paid" in which to request a refund. Under the present statute, the tax is "deemed paid on the original due date of the return." The petitions for refunds were not timely filed in regard to either tax year, 1995 or 1996. The periods allowed by the statute of limitations for the two refund petitions would have run on April 15, 1998, and April 15, 1999, respectively. Therefore, the refunds the Pettaways requested were properly denied by the Department; the trial court erred in entering a judgment for the Pettaways.
In addition, we note that 26 U.S.C. § 6511(a) reads as follows:
 "Period of limitation on filing claim. — Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."
Under the federal provisions, §§ 6513(b)(1) and (2) specify when the return is deemed to be filed and when the taxes are paid. Under those provisions, the Internal Revenue Code prohibits a refund if the original return is not filed within two years of the original due date of the return, when the money to be refunded was paid either by employee withholding or by estimated payments. See Dantzler v. United StatesInternal Revenue Serv., 183 F.3d 1247 (11th Cir. 1999) and Commissionerv. Lundy, 516 U.S. 235, 116 S.Ct. 647 (1996).
Furthermore, a split of authority exists among the circuits on the interpretation of § 6511(a) when the taxpayer petitions for a refund on a delinquent return. Some courts interpret the statute strictly against the Government, by holding that a refund claim based on a delinquent return is timely because the refund claim is filed "within three years from the time the return is filed." See Webb v. UnitedStates, 66 F.3d 691 (4th Cir. 1995); Oropallo v. United States, 994 F.2d 25
(1st Cir. 1993). However, other federal courts interpret § 6511 differently, holding that the three-year limitations period applies only if the taxpayer has filed a timely return. See Dantzler, supra; Millerv. United States, 38 F.3d 473 (9th Cir. 1994); Allen v. United States,439 F. Supp. 463 (C.D.Cal. 1977). The difference in interpretations among the circuits hinges on whether the court was willing to read the word "timely" into the phrase at the end of § 6511(a), i.e. "or if no [timely] return was filed by the taxpayer, within 2 years from the time the tax was paid." See § 6511(a).
In an attempt to resolve any ambiguity, the Alabama Legislature, when amending the statute, inserted the word "timely" into the statute. This court notes that a statute is presumed to have been enacted with a meaningful purpose. Adams v. Mathis, 350 So.2d 381, 385-86 (Ala. 1977). "The legislature will not be presumed to have done a futile thing in enacting a statute." Ex parte Watley, 708 So.2d 890, 892 (Ala. 1997). Therefore, the language used by the Legislature in § 40-2A-7(c)(2)a. is clear and unambiguous. Giving the words of the statute their ordinary meaning, we conclude that the statute clearly provides for two different limitations *Page 1157 
periods for requesting a refund. First, if the return was timely filed, then the taxpayer has either three years from the date the return was filed or two years from the date the tax was paid, whichever is later. However, if the return was not timely filed, then the taxpayer has two years from the date the tax was paid, to request a refund. Therefore, based on a reading of the statute, the trial court erred in entering the summary judgment for the Pettaways, because the statute clearly provides a two-year limitations period for requesting a refund when payment of the tax has been made by withholding and the return is not timely filed. The Pettaways filed their return outside that limitations period for both tax years; therefore, each petition for a refund was due to be denied.
We further note that it is well established that in interpreting a statute, a court accepts an administrative interpretation of the statute by the agency charged with its administration, if that interpretation is reasonable. Ex parte State Dep't of Revenue, supra (citing AlabamaMetallurgical Corp. v. Alabama Pub. Serv. Comm'n, 441 So.2d 565 (Ala. 1983)). Absent a compelling reason not to do so, a court will give great weight to an agency's interpretations of a statute and will consider them persuasive. Ex parte State Dep't of Revenue, supra (citing Moody v.Ingram, 361 So.2d 513 (Ala. 1978)). The Department provided to the trial court tax cases decided by the Administrative Law Division, and those cases were included in the record on appeal. Those cases, which deal with situations that are factually similar to the Pettaways' situation, hold that if the taxpayer files an income-tax return more than two years after the original due date and requests a refund of taxes that were paid through estimated payments or through withholding, the refund must be denied, as a matter of law, because the refund request is outside the limitations period for claiming a tax refund.
The judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.
[1] This statute became effective July 31, 1995. The Pettaways 1995 income-tax return was due on April 15, 1996. Therefore, this statute applies to their refund request.